**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| BCS SOFTWARE, LLC, | CIVIL ACTION NO. 6:20-cv-709-ADA |
| Plaintiff, | |
| v. | |
| HP INC., | |
| Defendant. | |

**DEFENDANT HP INC.'S MOTION TO DISMISS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     FACTUAL BACKGROUND ............................................................................... 2

        A.      The Asserted Patents........................................................................................2

        B.      Weblinks In Place Of Product Facts................................................................2

III.    APPLICABLE LEGAL STANDARD ................................................................ 4

        A.      Direct Infringement .........................................................................................5

        B.      Induced Infringement ......................................................................................6

IV.     BCS FAILS TO PROVIDE NOTICE OF WHAT CONSTITUTES THE
        ACCUSED PRODUCT OR PRODUCTS.............................................................. 7

        A.      BCS Fails to Identify the Accused Product......................................................7

        B.      References to Items Outside the Complaint are Excluded.................................8

V.      BCS FAILS TO ALLEGE PLAUSIBLE CLAIMS OF DIRECT INFRINGMENT
        AS TO ANY PATENT ....................................................................................... 8

VI.     BCS FAILS TO ALLEGE THAT ALL METHOD STEPS ARE PERFORMED11

VII.    BCS FAILS TO ALLEGE PLAUSIBLE CLAIMS OF INDUCED
        INFRINGEMENT AS TO ANY PATENT .......................................................... 12

VIII.   CONCLUSION................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13–CV–365, 2014 WL 2892285
(W.D. Tex. May 12, 2014)............................................................................................16

*Artrip v. Ball Corp.*, 735 F. App'x 708, 714-715 (Fed. Cir. 2018)................................6, 11

*Atlas IP, LLC v. Commonwealth Edison Co.,* 686 F. App'x 921 (Fed. Cir. 2017)..............7

*Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768 (N.D. Ill. 2016)................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929
(2007).................................................................................................5, 6, 9, 10

*Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D.
Tex. Dec. 11, 2018)..............................................................................................12

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL
4910427 (E.D. Tex. Aug. 14, 2015) ...........................................................8, 16

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018)...............13, 14

*DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)........................17

*Encoditech LLC v. Qardio, Inc.*, No. CV 18-2059 (MN), 2019 WL 2526725, at *3 (D.
Del. June 19, 2019) .............................................................................................10, 14

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.,* No. SA-18-CV-1335-XR, 2019 WL
2601347 (W.D. Tex. June 25, 2019)..................................................................5

*Erickson v. Pardus,* 551 U.S. 89, 94 (2007) ......................................................................5

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)....................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331
(Fed. Cir. 2012)............................................................................7, 8, 15, 16

*Inclusive Communities Project, Inc. v. Lincoln Prop. Co*., 920 F.3d 890, 900 (5th Cir. 2019) ........................................................................................................5, 10

*Iron Oak Techs., LLC v. Acer Am. Corp.,* No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677  (W.D. Tex. Nov. 28, 2017) .....................................................................8, 15

*Lee v. Verizon Commc'ns., Inc*., 837 F.3d 523, 533 (5th Cir. 2016) ...................................7

*Limelight Networks, Inc. v. Akamai Techs., Inc.,* 572 U.S. 915, 921, 134 S. Ct. 2111, 189 L. Ed. 2d 52 (2014) ................................................................................................17

*Move, Inc. v. Real Estate Alliance Ltd.,* 709 F.3d 1117, 1121 (Fed. Cir. 2013)................15

*Ricoh Co., Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008) ...........15

*Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017).......................................................................................8, 16

*Trans Video Elecs., Ltd. v. Netflix, Inc.,* No. CV 12-1743-LPS, 2014 WL 900929 (D. Del. Mar. 4, 2014).......................................................................................................17

*Ubiquitous Connectivity, LP v. City of San Antonio*, No. SA-18-CV-00718-XR, 2019 WL 4696421 (W.D. Tex. Sept. 26, 2019) ..............................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)...............................................................................................1, 4

Fed. R. Civ. P. 8(a) .........................................................................................................9

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant HP Inc. ("HP") respectfully moves to dismiss Plaintiff BCS Software, LLC's ("Plaintiff" or "BCS") Complaint for Patent Infringement (the "Complaint") for failure to state a claim upon which relief can be granted.

## I.   INTRODUCTION

BCS's Complaint against HP makes only the most threadbare allegations, amounting to the existence of the Asserted Patents, knowledge of the Asserted Patents by virtue of the Complaint, and entirely fact-free conclusions of infringement by an unspecified product.  As set forth below, this Complaint falls well below the minimum pleading standards.

BCS's Complaint should be dismissed because, as a threshold matter, there is simply no identification of which HP product is accused of infringing each of the three Asserted Patents.  In the Complaint, BCS purports to name multiple services/products as the "Accused Products," the "HP Devices As A Service (DaaS) and HP Print Beat Dashboard."  Dkt. 1 at ¶ 63.  BCS then compounds the confusion in this introductory section by inserting six weblinks, which are high level web pages that correlate to multiple products.  *Id.*  After this expansive and vague introduction of various products and services, each count of the Complaint alleging infringement refers only to an "Accused Product."  See Dkt. 1 at ¶¶ 65, 68-71, 73-76, 80-83, 85-89, 93-96, 98-100.  The various "Accused Products" are not mentioned again.  The Complaint literally fails to identify what BCS alleges is the infringing product or products.

Moreover, the allegations themselves, even if BCS had identified the "Accused Product," are insufficient because they do not allege any facts whatsoever.  Rather, they simply recite the patent claim language with the words "With the Accused Product, Defendant…" added.

BCS has not plausibly pleaded that HP (or anyone else) directly infringes the Asserted Patents.  This failure also dooms BCS's claims for indirect infringement because direct

infringement by others is a necessary predicate to prove active inducement of infringement. BCS neither alleges the elements of induced infringement nor identifies any factual basis for indirect infringement by HP.  Therefore, HP respectfully requests that the Court grant this motion and dismiss the Complaint in its entirety.

## II.     FACTUAL BACKGROUND

BCS filed its Complaint in this action on August 4, 2020.  Dkt. 1.  Following an initial granted extension and a partially-granted unopposed motion by BCS to extend HP's deadline to respond, HP hereby responds by respectfully submitting that the action should be dismissed for failure to meet the minimum pleading standards.  *See* Dkt. 7, 8.

### A.  The Asserted Patents

BCS purports to accuse HP of directly and indirectly infringing U.S. Patent Nos. 7,890,809 (the "'809 patent"), 7,302,612 (the "'612 patent") and 7,533,301 (the "'301 patent") (collectively, the "Asserted Patents").  Dkt. 1 at ¶¶ 10-42.  The three patents share a common specification: the '809 patent is a continuation of the '301 patent, which is a continuation of the '612 patent.  The Asserted Patents generally are directed to "[a] high level Operational Support System (OSS) framework [that] provides the infrastructure and analytical system to enable all applications and systems to be managed dynamically at runtime regardless of platform or programming technology." '612 patent (Dkt. 1-2) at Abstract.

### B.  Weblinks In Place Of Product Facts

In a section of the Complaint entitled "Defendant's Products," BCS defines the "Accused Products" as "the HP Device As A Service (DaaS) and HP Print Beat Dashboard." Dkt. 1 at ¶ 63. BCS then recites a list of six weblinks (without content or facts) it alleges "exemplified" such products.  The counts of infringement, however, simply refer to an "Accused Product" in the singular form.  See Dkt. 1 at ¶¶ 65, 68-71, 73-76, 80-83, 85-89, 93-96, 98-100.

The website links BCS lists are references to multiple HP products or families of products.  For instance, the first weblink, https://www8.hp.com/us/en/solutions/business-solutions/software.html, is a link to a generic HP "Software solutions" page.  Declaration of Cyndi Claxton ("Claxton Dec."), ¶ 3.  On this webpage, "Learn more" links are present for items respectively entitled "Device management," "Workflow & document management," "Print management software," "Secure printing software," and "HP Z Workstations."  Because there are no supporting facts in the Complaint, HP is not able to determine which, if any, of these generic product descriptions BCS asserts to be relevant to any allegations concerning the claim or claims of the Asserted Patents.  The contents of this webpage were not attached to the Complaint.  *Id.*

The second weblink, https://www8.hp.com/us/en/services/daas.html#showoverlay, is a link to a generic "HP Services" page.  Claxton Dec., ¶ 4.  The webpage menu items include links to "Device as a Service," "Lifecycle Services," "Manageability Services," "Security Services," "Other," and "Resources."  *Id.*  Because there are no supporting facts in the Complaint, HP is not able to determine how this webpage relates to allegations concerning any of the claim or claims of the Asserted Patents.  The contents of this webpage were not attached to the Complaint.  *Id.*

The third weblink, https://www8.hp.com/h20195/v2/getpdf.aspx/4aa7-1172enw.pdf, is a link to a three-page PDF entitled "HP Proactive Management with HP TechPulse Offer." Claxton Dec., ¶ 5.  The PDF is a Frequently Asked Questions (FAQ) For Customers document. *Id.*  Because there are no supporting facts in the Complaint, HP is not able to determine how the FAQ document relates to any claim or claims of the Asserted Patents.  The contents of this webpage were not attached to the Complaint.  *Id.*

The fourth weblink, https://hplatexknowledgecenter.com/blog/near-real-time-monitoring-new-hp-print-beat-dashboard, is a link to a blog in the HP Latex Knowledge Center.  Claxton Dec., ¶ 6.  Because there are no supporting facts in the Complaint, HP is not able to determine how this blog entry relates to any claim of the Asserted Patents.  The contents of this webpage were not attached to the Complaint.  *Id.*

The fifth weblink, https://jp.ext.hp.com/lib/jp/ja/printers/digital-presses/indigo/solutions/hp_printos_print_beat.pdf, is a link to a four-page PDF document concerning HP PrintOS Print Beat.  Claxton Dec., ¶ 7.  Because there are no supporting facts in the Complaint, HP is not able to determine how this document relates to any claim of the Asserted Patents.  The contents of this webpage were not attached to the Complaint.  *Id.*

The sixth weblink, https://www.perfectcolours.com/blog/2019/03/08/meet-the-new-hp-print-beat-dashboard/, is a link to a webpage titled "Perfect Colours large format print solution." Claxton Dec. ¶ 8.  It has menu items for "Shop Perfect Colours," "Printers," "Inks & Printhead," "Printer media," "Managed print," "Finishing," "Hard and Software," "Support," and "Contact us."  *Id.*  Because there are no supporting facts in the Complaint, HP is not able to determine how this webpage relates to any claim of the Asserted Patents.  The contents of this webpage were not attached to the Complaint.  *Id.*

## III.   APPLICABLE LEGAL STANDARD

If a complaint fails to state a claim upon which relief can be granted, it must be dismissed.  Fed. R. Civ. P. 12(b)(6)

.  In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations in the complaint and take them in the light most favorable to the non-moving party.  *Ubiquitous Connectivity, LP v. City of San Antonio*, No. SA-18-CV-00718-XR, 2019 WL 4696421, at *2 (W.D. Tex. Sept. 26, 2019) *citing Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  In considering a

motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.,* No. SA-18-CV-1335-XR, 2019 WL 2601347, at *1 (W.D. Tex. June 25, 2019) *citing Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). The Court is limited to an examination of the "facts set forth in the complaint, documents attached to the complaint" and documents attached by the defendant to its motion to dismiss that are referenced in the plaintiff's complaint. *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2506, 206 L. Ed. 2d 462 (2020). "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1941, 173 L. Ed. 2d 868 (2009).

### A.      Direct Infringement

In the realm of patent litigation, meeting the *Iqbal/Twombly* standard requires some level of specificity beyond mere recitation of a patent claim's elements. *Artrip v. Ball Corp.*, 735 F. App'x 708, 714-715 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177, 203 L. Ed. 2d 200 (2019). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. As one court

5

observed shortly after the abrogation of Form 18, "it is difficult to imagine how an action for

infringement could be brought without a tentative but nonetheless coherent theory of which

claims are allegedly infringed and how the accused products practice – or, because Rule 11(b)(3)

permits pleading on information and belief, may practice – each of those claims' elements."

*Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas

IP, LLC v. Commonwealth Edison Co.,* 686 F. App'x 921 (Fed. Cir. 2017).

Regional circuit law applies when reviewing a Rule 12 motion to dismiss.  *In re Bill of

Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  In

the Fifth Circuit, "the court applies the familiar *Twombly*-plausibility standard."  *Lee v. Verizon

Commc'ns., Inc*., 837 F.3d 523, 533 (5th Cir. 2016).

### B.    Induced Infringement

A claim of induced infringement never was protected from dismissal by the safe harbor

Form 18 previously afforded for claims of direct infringement.  *In re Bill of Lading Transmission

& Processing Sys. Patent Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  Such claims have been

held to a higher standard, including the requirement to plausibly plead that the defendant acted

with *specific intent* that its customers *infringe* the asserted patent (not simply that defendant

intended customers to perform acts that are later found to infringe).  *See id.* at 1339; *see also Iron

Oak Techs., LLC v. Acer Am. Corp.,* No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *4

(W.D. Tex. Nov. 28, 2017).  To withstand a motion to dismiss, a claim of induced infringement

must: (1) adequately plead direct infringement by a defendant's customer; (2) contain facts

plausibly showing that defendant specifically intended for its customers to infringe the asserted

patents; and (3) contain facts plausibly showing that defendant knew that the customer's acts

constituted infringement. *Iron Oak Techs.*, 2017 WL 9477677 at *4; *Stragent, LLC v. BMW of

N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *7 (E.D. Tex. Mar. 3, 2017),

*report and recommendation adopted*, No. 6:16-CV-00446-RWS, 2017 WL 2832613 (E.D. Tex.

Mar. 27, 2017); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL,

2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015); *see In re Bill of Lading Transmission &*

*Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

**IV.     BCS FAILS TO PROVIDE NOTICE OF WHAT CONSTITUTES THE ACCUSED PRODUCT OR PRODUCTS**

   **A.  BCS Fails to Identify the Accused Product**

   BCS initially defines HP's Device As A Service (DaaS) and HP Print Beat Dashboard in

the plural as the "Accused Products" and pastes various weblinks it claims "exemplified" HP's

products, without providing or describing any of the content found at those links.  Dkt. 1 at ¶ 63.

For the remainder of the Complaint, BCS references an "Accused Product" in the singular

without any facts to shed light on what product is accused or how it allegedly practices the

claims.  See, e.g., Dkt. 1 at ¶¶ 65, 68-71, 73-76, 80-83, 85-89, 93-96, 98-100.

   A complaint must include a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  This means the complaint must allege

sufficient facts "to state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007).  HP has no way

to determine whether BCS is alleging infringement by one product, multiple products or, if two

or more products, whether one or the other or multiple products are being asserted for purposes

of each claim.  Therefore, the Complaint fails the plausibility requirement on its face.  *Id.*; *see*

*also Iqbal*, 556 U.S. at 678 (holding plausibility standard "asks for more than a sheer possibility

that a defendant has acted unlawfully.").

   Even if the ambiguity of the appropriate name of the HP item or items that comprise the

"Accused Product" or "Accused Products" were clear, the Complaint is nonetheless

substantively deficient and still should be dismissed.  Instead of pleading facts or attaching

documents, BCS merely provides "exemplars" in the form of bare links to websites (Dkt. 1, at

¶ 63).  Moreover, the webpages themselves (which must be excluded from consideration for the

sufficiency of the Complaint in any event, as set forth below) are vague and do not pinpoint

which product, products or aspects of products allegedly infringe the claim or claims of the

Asserted Patents.  Claxton Dec., ¶¶ 3-8.

It is not incumbent upon HP to speculate on BCS's behalf and it is BCS's burden to place

HP on notice as to what it must defend.  *See Twombly*, 550 U.S. at 555 (holding factual

allegations must be sufficient to "raise a right to relief above the speculative level.").  As BCS

fails the threshold issue of putting HP on notice as to what it must defend, the Complaint should

be dismissed.

### B.  References to Items Outside the Complaint are Excluded

BCS's reliance on weblink references is improper.  References to content which is not

included in the complaint cannot be considered as a matter of law.  *See Inclusive Communities

Project, Inc. v. Lincoln Prop. Co*., 920 F.3d 890, 900 (5th Cir. 2019), *cert. denied*, 140 S. Ct.

2506, 206 L. Ed. 2d 462 (2020).  The Court is limited to an examination of the "facts set forth in

the complaint, documents attached to the complaint" and documents attached by the defendant to

its motion to dismiss that are referenced in the plaintiff's complaint.  *Id.*  The mere existence of

weblinks are not "facts set forth in the complaint."  *Id.*  The only documents attached to the BCS

Complaint were copies of the Asserted Patents.  S*ee* Dkt. 1-1, 1-2, 1-3.

### V.    BCS FAILS TO ALLEGE PLAUSIBLE CLAIMS OF DIRECT INFRINGMENT AS TO ANY PATENT

Even if BCS could surmount the threshold issue of inadequate notice to HP of the

accused product, its Complaint still is deficient because it fails to plead facts.  Each of BCS's

alleged infringement claims consists of formulaic boilerplate devoid of facts.  Counts I, II, and III of the Complaint are in pertinent part comprised of notice by virtue of the Complaint, legal conclusions of infringement and recitation of claim language.  *See* Dkt. 1.  In the realm of patent litigation, meeting the *Iqbal/Twombly* standard requires some level of specificity beyond mere recitation of a patent claim's elements.  *Artrip v. Ball Corp.*, 735 F. App'x 708, 714-715 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177, 203 L. Ed. 2d 200 (2019).  Here, each of BCS's purported infringement claims consists of a paragraph parroting the patent claim language with no factual references.

A neighboring Fifth Circuit district court, the Eastern District of Texas, unambiguously rejected a similarly-deficient approach in allegations in *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018).  In that case, the infringement claim identified a specific patent claim and specified an accused product, then broke down the patent claim "into individual elements with 'supporting' screenshots."  *Id.* at *2.  The plaintiff in *Chapterhouse* recited the claim language, stating that the accused product met the claim limitation, and then referred to exemplary screenshots as factual support.  *Id.*  Absent further explanation, this was deemed insufficient to state a plausible claim.  *Id.*  Judge Gilstrap held that such a recitation of claim limitations is no more than a "conclusory statement" and "accompanying factual allegations" were required to state a claim for relief.  *Id.*  The court expressly rejected the notion that "screenshots themselves constitute the requisite factual allegations" and held that a "Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."  *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009), 129 S.Ct. 1937, 173 L.Ed.2d 868 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929).

Here, BCS's purported infringement claims provide less factual support than the insufficient claims in *Chapterhouse*.  *See Chapterhouse,* 2018 WL 6981828 at *1-*2.  The single-paragraph infringement claims here contain no words describing or explaining how HP's accused product or products meet each claim limitation other than simply reciting the claim language and making legal conclusions.  *See* Dkt. 1, at ¶¶ 68, 80, 93. "On a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

As noted in *Chapterhouse*, the Federal Circuit's unusual allowance of a less robust pleading to survive a motion to dismiss in its recent *Disc Disease* decision was based on the fact that the asserted patents in that action were extremely simple.[1]  *See Chapterhouse*, 2018 WL 6981828, at *2, *citing Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).  In the *Disc Disease* case, attached exhibits showing packaging of the accused products were deemed sufficient in the context of that defendant's very simple back brace device.  *Id.*  As a threshold matter, BCS did not even provide exhibits or any other attempted illustration of a factual allegation as was provided in *Disc Disease*.  *See id.*  Moreover, the technology involved in this case – apparently a software system –  is not nearly as simple and straightforward as a back brace.  BCS alleges that the "'809 Patent improves the computer functionality itself and represents a technological improvement to the operation of computers" and "[t]he field of the

---

[1] This district applied *Disc Disease* in a case involving a similarly simple patented technology, a handheld tobacco grinder, in *Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018). Unlike the BCS complaint, the complaint in *Inhale* contained factual allegations describing how the accused products (which were clearly identified) allegedly infringed the asserted patent claims.  *Id*. at *2.

invention is to improvements in wireless communication carriers.  More particularly, it relates to

operational support system (OSS), application/systems management, and network management."

Dkt. 1 at ¶ 38 and ¶ 28 (internal quotes and citations omitted).  In any event, BCS's Complaint

falls far short of even the standard of *Disc Disease*, as BCS attaches no exhibits (other than its

patents) and it is impossible to ascertain the product or products being accused of infringement.

*See Chapterhouse*, 2018 WL 6981828, at *2, *citing Disc Disease*, 888 F.3d at 1260.

To state a viable direct infringement claim, a plaintiff must plead facts that plausibly

suggest that the accused product meets each limitation of the asserted claim or claims.

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.,* No. SA-18-CV-1335-XR, 2019 WL

2601347, at *3 (W.D. Tex. June 25, 2019) *citing Encoditech LLC v. Qardio, Inc.*, No. CV 18-

2059 (MN), 2019 WL 2526725, at *3 (D. Del. June 19, 2019).

This is something that BCS cannot do without defining the "accused product."  Even if

BCS had been clear about the accused product or products, the Complaint fails to "plead facts"

that plausibly suggest the accused HP product or products meet each and every claim limitation

of the asserted claim or claims.  *See id.*  Without saying why or how, the Complaint perfunctorily

concludes that the "Accused Product" does [claim limitation].  Dkt. 1 at ¶¶ 73-77, 85-89, 98-100.

This framework is devoid of facts.  Accordingly, dismissal is warranted.

## VI.  BCS FAILS TO ALLEGE THAT ALL METHOD STEPS ARE PERFORMED

Even if the accused product were specified, BCS fails to provide any factual allegation

that HP or any other entity performs all steps of the asserted method claims.  BCS alleges only a

bare conclusion that "[d]efendant has infringed and continues to infringe one or more claims . . .

by making, using, importing, selling, and/or offering for sale the Accused Product."  Dkt. 1 at

¶¶ 68, 80, 93.  Where asserted method or process steps are alleged to be performed by more than

one entity, direct infringement liability requires the "party exercises 'control or direction' over the performance of each step of the claim, including those that the party does not itself perform." *Move, Inc. v. Real Estate Alliance Ltd.,* 709 F.3d 1117, 1121 (Fed. Cir. 2013) (citation omitted). Moreover, a method claim is not infringed by simply selling or offering to sell software, as confirmed by the Federal Circuit in *Ricoh Co., Ltd. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1335 (Fed. Cir. 2008).  To the extent that BCS is accusing a software system, BCS's conclusory allegations fail for this reason, as well.  Absent factual allegations that every step is performed, BCS fails to plausibly plead infringement of the Asserted Patents.

## VII.   BCS FAILS TO ALLEGE PLAUSIBLE CLAIMS OF INDUCED INFRINGEMENT AS TO ANY PATENT

Induced infringement claims have long been held to the plausibility standard of *Iqbal* and *Twombly* and are subject to dismissal if they fail to (1) adequately plead direct infringement by a defendant's customer; (2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and (3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement.  *In re Bill of Lading*, 681 F.3d at 1339; *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) *quoting Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. 13–CV–365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2017 WL 2821697, at *7 (E.D. Tex. Mar. 3, 2017), *report and recommendation adopted*, No. 6:16-CV-00446-RWS, 2017 WL 2832613 (E.D. Tex. Mar. 27, 2017); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at *3 (E.D. Tex. Aug. 14, 2015).  As was established years before the heightened pleading standard for direct infringement, a plaintiff must meet ***all three prongs***

12

under *Bill of Lading* to plausibly plead a claim of induced infringement and withstand a motion to dismiss. *See In re Bill of Lading*, 681 F.3d at 1339.

BCS recites the same boilerplate induced infringement paragraph for each of the three asserted patents. Each inducement claim concludes, without facts, that HP has knowledge of the Asserted Patents and that HP infringes by inducing HP's customers to infringe by "encouraging" use of the Accused Product. Dkt. 1 at ¶¶ 69, 81, 94. BCS also generically alleges that inducement occurs by the provision of technical support. Dkt. 1 at ¶¶ 70, 82, 95.

As an initial matter, as set forth above, BCS fails to allege any facts concerning direct infringement by HP or any customer. Inducement liability can arise only where there is direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.,* 572 U.S. 915, 921, 134 S. Ct. 2111, 189 L. Ed. 2d 52 (2014). BCS's inducement claims fail on this ground alone.

As to the second element of induced infringement, BCS fails to allege the requisite specific intent that HP's customers infringe. "[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations omitted). An induced infringement claim will not survive a motion to dismiss if it fails to plead specific intent to induce infringement, that defendant's customers' conduct was infringing, and that defendant knew that the customer conduct was infringing. *See Trans Video Elecs., Ltd. v. Netflix, Inc.,* No. CV 12-1743-LPS, 2014 WL 900929, at *3 (D. Del. Mar. 4, 2014), *report and recommendation adopted*, No. CV 12-1743-LPS, 2014 WL 1268680 (D. Del. Mar. 26, 2014). Simply having notice of the patents is not sufficient to plausibly plead inducement of infringement. *See id*. at *3. BCS has not alleged any conduct, instruction, communication, or any other fact that would plausibly show specific intent by HP to induce its customers to infringe the Asserted Patents.

13

BCS's claims of inducement are devoid of any facts relating to whether HP specifically intended for any customers or others to infringe the asserted patents, and lacks any factual allegation whatsoever to support a plausible claim that anyone (HP or a third party) is directly infringing the asserted patents.  Accordingly, each identical inducement claim fails to meet the minimum standard of plausibility under *Twombly* and *Iqbal* and should be dismissed.

## VIII.   CONCLUSION

BCS's recitation of mere legal conclusions of infringement, without identifying the allegedly infringing product, without supporting facts, without alleging that all steps are performed by a party, and without alleging specific intent with knowledge to induce infringement, fall well below the minimum standard for plausible infringement allegations.  HP simply does not have fair notice of the factual bases for any of BCS's claims in this action.  Accordingly, HP respectfully requests that the Complaint be dismissed in its entirety.

Dated:  October 19, 2020

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
*melissa@gillamsmithlaw.com*

Megan Whyman Olesek
(Cal. S.B. No. 191218; *pro hac vice* admission
pending)
Robert J. Kent
(Cal. S.B. No. 250905)
Cyndi J. Claxton
(Cal. S.B. No. 246801; *pro hac vice* admission
pending)
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931
*olesek@turnerboyd.com*
*kent@turnerboyd.com*

**ATTORNEYS FOR DEFENDANT
HP INC.**

15

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on October 19, 2020.

*/s/ Melissa R. Smith*