# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC, | CIVIL ACTION NO. 6:20-cv-709-ADA |
| Plaintiff, | |
| v. | |
| HP INC., | |
| Defendant. | |

## DEFENDANT HP INC.'S MOTION TO TRANSFER VENUE TO THE AUSTIN DIVISION

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 1

        A.      HPI Has No Facility In Or Other Connection To The Waco Division.................. 1

        B.      BCS Is Based In Austin With No Apparent Ties To Waco.................................. 2

        C.      The Litigation Remains At An Early Stage......................................................... 2

III.    LEGAL STANDARD.......................................................................................... 3

IV.     ARGUMENT ...................................................................................................... 4

        A.      The Action Could Have Been Brought In The Austin Division............................ 4

        B.      The Private Interest Factors Weigh In Favor Of Transfer To Austin.................... 4

                1.      Any Sources Of Proof Located In The Western District Of Texas Are
                        Located In The Austin Division ........................................................................4

                2.      No Unwilling Witness Has Been Identified To Be Compelled To
                        Attend Trial Either Venue ................................................................................5

                3.      Austin Is More Convenient And Less Costly Than Waco For Likely
                        Willing Witnesses ...........................................................................................5

                4.      No Practical Problems Exist With Transferring This Action................................6

        C.      The Public Interest Factors Favor Transfer Or Are Neutral ................................ 7

                1.      The Austin Division Has A Greater Local Interest In This Action
                        Than The Waco Division...................................................................................7

                2.      Judicial Economy Is Neutral .............................................................................7

                3.      Familiarity With Governing Law, Avoidance Of Conflicts Of Law And
                        Administrative Difficulties Flowing From Court Congestion Are Neutral............8

V.      CONCLUSION.................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*BCS Software, LLC v. Hewlett Packard Enterprise Company*,
    6-20-cv-00724 ADA (W.D. Texas) ............................................................... 2, 7

*BCS Software, LLC v. Itron, Inc.*,
    6-19-cv-00728 (W.D. Tex. Jun. 26, 2020) .................................................... 2

*BCS Software, LLC v. Landis+Gyr Technologies, LLC*,
    6-20-cv-00005 (W.D. Tex. Jun. 26, 2020) .................................................... 2

*Datascape, Ltd. v. Dell Techs., Inc.*,
    No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ................. 3, 7

*Hammond Dev. Int'l, Inc. v. Google LLC.*,
    No. 1:20-CV-00342-ADA, 2020 WL 3452987  (W.D. Tex. June 24, 2020) ................ 3

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ................................................................... 6

*In re Horseshoe Entm't*,
    337 F.3d 429 (5th Cir. 2003). ..................................................................... 4

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) ................................................................... 5

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) ...................................................................... 3,4

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ................................................................... 3

*In re Volkswagen AG*,
    371 F.3d 201 (5th Cir. 2004) ...................................................................... 7

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...................................................................... 3, 4

*Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*,
    No. 1:14-CV-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ........... 3, 4, 5, 6

*Sweet v. Indianapolis Jet Ctr., Inc.*,
    No. SA-10-CV-1039-XR, 2011 WL 2518862 (W.D. Tex. June 22, 2011) ................... 5

**Statues**

28 U.S.C. § 1404 ....................................................................................... 1, 3, 4, 5

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1404(a), HP Inc. ("HPI") respectfully moves for transfer of this action from the Waco Division, which has no connection to this lawsuit, to the Austin Division, where both Plaintiff BCS Software, LLC ("BCS") and HPI maintain a facility and where it is more convenient than Waco for all anticipated participants in the litigation to appear.[1]

Austin is home to BCS's principal place of business.  HPI's only facility in the Western District of Texas is located in Austin.  To the extent there are any sources of proof in the Western District of Texas, they would be located in Austin.  Travel to Austin from HPI's headquarters in Northern California, and for other anticipated party and non-party witnesses located outside the district, is significantly more convenient than travel to Waco.  Austin is the only division within the district with any potential local interest in having the case decided there, as it is the only division in which BCS and HPI have a facility.  This case could have been brought in the Austin Division, and the public and private interest factors weigh decidedly in favor of transfer.  Accordingly, transfer of this action to the Austin Division is warranted.

## II.   FACTUAL BACKGROUND

### A.    HPI Has No Facility In Or Other Connection To The Waco Division

HPI is a Delaware Corporation with its principal place of business in Palo Alto, California.[2]  Declaration of Brenda Sherman in Support of HP Inc.'s Motion to Transfer

---

[1] HPI's counsel met and conferred in good faith with BCS's counsel concerning the substance of this motion, concluding with BCS declining to consent to the transfer without explanation.  Declaration of Megan Whyman Olesek ("Olesek Decl.") at ¶ 2.

[2] HPI's predecessor company, Hewlett-Packard Company, split into two publicly-traded companies in 2015: HP Inc. and Hewlett Packard Enterprise Company.  Sherman Decl., at ¶ 2.

Venue ("Sherman Decl."), at ¶¶ 3-4.  HPI 's management and decision-making regarding HPI products have historically been centered at its Palo Alto, California headquarters, located in the Northern District of California.  Sherman Decl. at ¶ 4.   HPI has no facility in Waco.  *Id.* at ¶ 5.  HPI's only facility within the Western District of Texas is located in Austin, at 3800 Quick Hill Road, Building 2, Suite 100, Austin, Texas, 78728-1311.  *Id.*

### B.    BCS Is Based In Austin With No Apparent Ties To Waco

BCS is a limited liability company organized and existing under the laws of Texas with its principal place of business in Austin, Texas. Dkt. 20 at ¶ 1.  No filings in this action nor other public sources indicate that BCS has any offices or employees in Waco, Texas. *Id*.  In fact, in two prior cases, BCS agreed to transfer those actions to the Austin Division for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).  *See BCS Software, LLC v. Itron, Inc*., 6-19-cv-00728, Dkt. 23 (W.D. Tex. Jun. 26, 2020); *see also BCS Software, LLC v. Landis+Gyr Technologies, LLC*, 6-20-cv-00005, Dkt. 25 (W.D. Tex. Jun. 26, 2020).  All of BCS's other prior cases in Waco[3] were dismissed voluntarily or by stipulation at an early stage.

### C.    The Litigation Remains At An Early Stage

On August 4, 2020, BCS filed an initial complaint purporting to allege infringement by HPI of U.S. Patent Nos. 7,302,612; 7,533,301; and 7,890,809 (the "Asserted Patents"). *See* Dkt. 1.  On October 19, 2020, HPI Moved to Dismiss BCS's Complaint for Failure to State a Claim.  Dkt. 14.  BCS reacted by filing a First Amended Complaint ("FAC") on November 2, 2020.  Dkt. 20.  On November 23, 2020, HPI filed a Motion to Dismiss BCS's

---

[3] BCS has another active, related case in the Waco Division, *BCS Software, LLC v. Hewlett Packard Enterprise Company*, 6-20-cv-00724 ADA.  HPI understands that Hewlett Packard Enterprise Company also will seek transfer to the Austin Division.

FAC, which was fully briefed as of December 23, 2020.  Dkts. 24, 27, 29.  The Court has not yet taken any action concerning the pending motion.  A scheduling order was just entered in this action on December 21, 2020.  Dkt. 28.  The parties have yet to undertake claim construction and fact discovery has not yet opened.  This action is at an early stage and no substantive analysis has yet been undertaken by the Court.

## III.    LEGAL STANDARD

A civil action may be transferred "[f]or the convenience of parties and witnesses, in the interest[s] of justice" to "any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Fifth Circuit has confirmed that section 1404(a) applies "as much to transfers between divisions of the same district as to transfers from one district to another."  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

A party seeking transfer must show "good cause" and, if "the transferee venue is clearly more convenient," a transfer should be ordered.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"); *see also Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069, at *1-2 (W.D. Tex. June 7, 2019); *Radmax*, 720 F.3d at 290; *Hammond Dev. Int'l, Inc. v. Google LLC.*, No. 1:20-CV-00342-ADA, 2020 WL 3452987, at *6 (W.D. Tex. June 24, 2020); *Mimedx Grp., Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *3 (W.D. Tex. Aug. 12, 2014).  It is an abuse of discretion not to transfer a case to a transferee forum that is "clearly more convenient."  *Volkswagen II*, 545 F.3d at 315; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008).

A motion for an intra-district transfer, like a motion for transfer, involves a two-step analysis.  First, the court considers "whether a civil action 'might have been brought'

in the destination venue." *See Volkswagen II*, 545 F.3d at 312 (quoting § 1404(a)).  Once it is confirmed that the action could have been brought in the proposed destination, the second step is to weigh the following public and private interest factors to determine the relative convenience of the venues:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Radmax*, 720 F.3d at 288-90 (citing *Volkswagen II*, 545 F.3d at 315).

## IV.   ARGUMENT

### A.   The Action Could Have Been Brought In The Austin Division

The threshold determination for a section 1404(a) transfer analysis is whether the action could have been filed in the transferee district.  *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003).  For the purpose of this case only, HPI does not dispute that BCS could have brought this action in the Austin Division, the only division where BCS is located and where HPI maintains an office in the Western District of Texas.  Thus, this case could have been brought in the Austin Division, and the threshold determination is met.  *Mimedx*, 2014 WL 12479284, at *1.

### B.   The Private Interest Factors Weigh In Favor Of Transfer To Austin

#### 1.   Any Sources Of Proof Located In The Western District Of Texas Are Located In The Austin Division

Greater relative ease of access to proof clearly favors transfer to the Austin Division.  Neither BCS nor HPI has a facility in Waco, but both maintain a facility in

Austin.  Thus, no party witnesses or pertinent documents are likely to be located in the
Waco Division.  This fact alone warrants transfer.  *See Sweet v. Indianapolis Jet Ctr., Inc.,*
No. SA-10-CV-1039-XR, 2011 WL 2518862, at *2 (W.D. Tex. June 22, 2011) ("The
availability and convenience of witnesses is arguably the most important of the factors in
the § 1404 analysis.").

To the extent that any relevant HPI documents or materials are located anywhere
within the Western District of Texas, such items could only be located in Austin where
HPI's only facility in the Western District is located.  *See* Sherman Decl., ¶ 5; *Mimedx*,
2014 WL 12479284, at *2 ("In patent infringement cases, 'the bulk of the relevant evidence
usually comes from the accused infringer. . . .") (quoting *In re Nintendo Co., Ltd.*, 589 F.3d
1194, 1199 (Fed. Cir. 2009).  As BCS maintains its principal place of business in Austin,
any relevant BCS witnesses and documents very likely will be located in Austin.  *See* Dkt.
20 at ¶ 1.  No BCS witnesses or documents are likely to be located in the Waco Division
and BCS has presented no facts to that effect.  Therefore, this factor strongly weighs in
favor of transfer to the Austin Division.

### 2.   No Unwilling Witness Has Been Identified To Be Compelled To Attend Trial Either Venue

To date, no unwilling witness who may be compelled to attend trial in either
Waco or Austin has been identified.  Accordingly, this factor is neutral.

### 3.   Austin Is More Convenient And Less Costly Than Waco For Likely Willing Witnesses

The inconvenience, time and cost of attendance for witnesses to travel to Waco to
participate in this litigation is greater than it will be if the case proceeds in Austin.  *Mimedx*,
2014 WL 12479284, at *2.  For witnesses located in Austin, it is more cost-effective and
manageable to attend court proceedings in Austin, rather than requiring hours spent driving

to and from Waco.  For HPI witnesses located in Northern California or elsewhere outside of the Western District of Texas, as well as for the named inventors,[4] traveling to Austin would impose fewer costs and be significantly less disruptive.  Flights are more readily available from California and other states to Austin than they are to Waco, including non-stop flights from Northern California to Austin.  Olesek Decl., ¶ 3.  Out-of-state witnesses can fly directly to Austin but cannot do so to Waco.  *Id.*  Further, having HPI witnesses travel to Austin instead of Waco for this case allows for reduced disruption of work, as they would be able to work from HPI's Austin office while traveling to participate in this litigation.  *See* Sherman Decl., ¶ 5.  The significantly greater convenience of Austin for willing witnesses weighs decidedly in favor of transfer.

### 4.  No Practical Problems Exist With Transferring This Action

In deciding this factor, courts consider "practical problems that make a trial easy, expeditious and inexpensive" for the private parties.  *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009).  This case is still in its early stages, the parties have not engaged in claim construction, and discovery has not begun.  As discussed above, discovery and trial in Austin rather than Waco will be significantly more convenient, expeditious and inexpensive for both parties.  Thus, transfer to the Austin Division would not result in any meaningful delay or prejudice.  This factor weighs in favor of transfer.  *Mimedx*, 2014 WL 12479284, at *2.

---

[4] Named inventor Blaine Nye apparently resides in Redwood City, California (in the San Francisco Bay Area) and named inventor David Sze Hong apparently resides in Rockville, Maryland (which appears to be in the Washington, D.C. area).  *See* Olesek Decl., ¶¶ 4-5, Exs. B-C.

C.      **The Public Interest Factors Favor Transfer Or Are Neutral**

      1.  **The Austin Division Has A Greater Local Interest In This Action Than The Waco Division**

The Waco Division has no local interest in this case whatsoever, while the Austin Division is the only location in the district with a potential local interest. Courts must consider the "factual connection" to the venue and avoid imposing the burden of litigation on a community (such as Waco, Texas) with no connection to the action. *See In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("*Volkswagen I*"). BCS and HPI both have facilities in Austin, but neither party maintains any facilities in Waco. No HPI products were developed in Waco, nor has BCS presented any facts indicating that the purported invention of the Asserted Patents occurred in Waco. Austin has a greater interest in and connection to the outcome of this litigation in light of BCS's and HPI's presence in Austin. *See Datascape*, 2019 WL 4254069, at *3 (holding that local interest favors transfer from Waco to Austin when "outcome of the instant action likely affects local Austin interests more acutely than local Waco interests."). Thus, this factor strongly favors transfer.

      2.  **Judicial Economy Is Neutral**

Judicial economy neither favors remaining in the Waco Division nor transferring to the Austin Division. The remaining active, related case also should proceed in the Austin Division, as outlined in the motion to transfer being filed in that action. *See BCS Software, LLC v. Hewlett Packard Enterprise Company*, 6-20-cv-00724 ADA. Accordingly, this factor is neutral.

**3.  Familiarity With Governing Law, Avoidance Of Conflicts Of Law And Administrative Difficulties Flowing From Court Congestion Are Neutral**

Each division is equally familiar with the laws governing this action, no conflicts of law or foreign law issues arise in this case, and no delay or other administrative difficulties are likely to arise from a transfer from the Waco Division to the Austin Division.  Accordingly, these factors are neutral.

**V.     CONCLUSION**

In this action, every one of the public and private interest factors to be considered in a motion to transfer pursuant to 28 U.S.C. § 1404(a) either favors transfer or is neutral. For the foregoing reasons, HPI respectfully requests that this case be transferred to the Austin Division.

Dated:  January 8, 2021                              Respectfully submitted,

                                                    */s/ Melissa R. Smith*
                                                    Melissa R. Smith (State Bar No. 24001351)
                                                    GILLAM & SMITH, LLP
                                                    303 S. Washington Ave.
                                                    Marshall, Texas 75670
                                                    Telephone: (903) 934-8450
                                                    Facsimile: (903) 934-9257
                                                    *melissa@gillamsmithlaw.com*

                                                    Megan Whyman Olesek
                                                    (Cal. S.B. No. 191218; *pro hac vice*)
                                                    Cyndi J. Claxton
                                                    (Cal. S.B. No. 246801; *pro hac vice*)
                                                    TURNER BOYD LLP
                                                    702 Marshall Street, Suite 640
                                                    Redwood City, CA 94063
                                                    Telephone: (650) 521-5930
                                                    Facsimile: (650) 521-5931
                                                    *olesek@turnerboyd.com*
                                                    *claxton@turnerboyd.com*

                                                    **ATTORNEYS FOR DEFENDANT
                                                    HP INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

Dated: January 8, 2021

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule CV-7(h), Megan Whyman Olesek, Counsel for Defendant, met and conferred with Counsel for Plaintiff. Counsel for Plaintiff agreed to consider whether to oppose the motion, but later informed Counsel for Defendant that Plaintiff is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith
